# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP LEE KELLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. CIV-25-514-R |
| JASON SPARKS et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Phillip Lee Kelley, a state prisoner appearing pro se, seeks relief under 42 U.S.C. § 1983. Doc. 1.[1] United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

Plaintiff claims another inmate assaulted him in "February 2024" when he was housed at the Lexington Correctional Center. Doc. 1, at 4-5.[2] He asserts Defendants violated his Eighth Amendment rights after the assault because they knew of but disregarded "an excessive risk to . . . Plaintiff[']s health and safety." *Id.* at 6. He seeks monetary damages. *Id.*

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2] Plaintiff is now at the Dick Connor Correctional Center in Hominy, Oklahoma. *See* Doc. 1, at 4 & Att. 1.

Plaintiff has also moved for leave to proceed in forma pauperis (IFP). Doc. 2. But Plaintiff has incurred at least three strikes under the Prison Litigation Reform Act (PLRA) and does not qualify for an exception. *See* 28 U.S.C. § 1915(g). So the undersigned recommends denial of Plaintiff's IFP motion and dismissal without prejudice of this action unless Plaintiff pays the entire filing fee within twenty-one days of any order adopting this Report and Recommendation.

**I.   Analysis.**

**A.   The PLRA's "three strikes" rule.**

Prisoners who wish to bring a civil action without prepaying the entire filing fee are subject to the PLRA's "three-strikes" rule under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress designed the three-strikes rule "to bring [prisoner] litigation under control." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (quoting *Woodford v. Ngo*, 548 U.S. 81, 84 (2006)). "Under the PLRA, prisoners obtain

a 'strike' against them for purposes of future [IFP] eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting 28 U.S.C. § 1915(g)), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). "When a prisoner has accumulated three strikes, he has 'struck out' from proceeding IFP in a new civil action or appeal." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (quoting *Smith v. Veterans Admin.*, 636 F.3d 1306, 1308 (10th Cir. 2011)).

Congress did not bar a prisoner with three strikes from filing new civil actions but did eliminate a three-striker's privilege of proceeding IFP "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make specific, credible allegations of imminent danger." *Hafed*, 635 F.3d at 1176 (internal quotation marks omitted). Absent imminent physical danger, a prisoner with three strikes must "prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs*, 713 F.3d at 1265. A court "may raise the issue of strikes sua sponte." *Strope*, 653 F.3d at 1273.

3

## B. Plaintiff's strikes.

Plaintiff had accumulated three strikes before he initiated this lawsuit. These strikes include:

- *Kelley v. Braggs*, No. CIV-20-717-R, Doc. 7 (W.D. Okla. Sept. 4, 2020) (adopting report and recommendation which recommended dismissal of all civil rights claims for failure to state a claim upon which relief may be granted)[3];

- *Kelley v. Stitt*, No. CIV-23-747-R, 2023 WL 7346521 at *2 (W.D. Okla. Nov. 7, 2023) (dismissing civil rights action for failure "to state plausible claims under 42 U.S.C. § 1983");

- *Kelley v. Stitt*, No. 23-6200, 2024 WL 1956160 at *1-2 (10th Cir. May 3, 2024) (dismissing appeal as "frivolous" and noting the "dismissal, in addition to the district court's dismissal [in CIV-23-747-R]," operated as strikes under § 1915(g)).

## C. Plaintiff does not satisfy the imminent-danger exception.

Having accumulated these strikes, the Court cannot grant Plaintiff IFP status unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy this exception, a prisoner is "required to make 'specific, credible allegations of imminent danger of serious physical harm.'" *Hafed*, 635 F.3d at 1179 (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127-28

---

[3]   "It is irrelevant under § 1915(g) whether the district court affirmatively stated in the order of dismissal that it was assessing a strike." *Smith,* 636 F.3d at 1313.

(10th Cir. 2001)). "Every circuit to have decided the issue so far has concluded that [§ 1915(g)'s] use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Id.*; *see e.g.*, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."). Plaintiff must also show there is "a nexus between the imminent danger" alleged "and the legal claims asserted." *See Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)); *see also Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767, 770 (10th Cir. 2019) ("Determining if a sufficient nexus exists involves considering 'whether the imminent danger of serious physical injury' alleged is 'fairly traceable to unlawful conduct asserted in the complaint' or appeal and 'whether a favorable judicial outcome would redress that injury.'" (quoting *Lomax*, 754 F. App'x at 759)).

Plaintiff does not submit any information in his IFP motion related to the imminent danger of serious physical injury. Doc. 2. In the complaint, Plaintiff alleges another inmate assaulted and threatened him. Doc. 1, at 5-6. But Plaintiff was no longer housed in the same facility as that inmate at the time he filed his complaint. And "[r]eliance on past injuries or harm," is

5

insufficient to establish imminent danger. *Davis v. Rice*, 299 F. App'x 834, 835 (10th Cir. 2008); *see also Barrett v. Workman*, 486 F. App'x 706, 708 (10th Cir. 2012) (holding plaintiff's allegations of "things that have happened in the past, or that he fears will happen in the future," did "not fulfill the imminent-danger requirement").[4] So Plaintiff does not qualify for the imminent-danger exception to the three-strikes rule.

## II. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends the Court deny Plaintiff's IFP motion. Doc. 2. The undersigned further recommends the Court dismiss this action unless Plaintiff pays the entire filing fee within twenty-one days of any order adopting this Report and Recommendation.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before June 6, 2025, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to

---

[4] Plaintiff states in his complaint that he is worried for other inmates' safety who are still housed at the Lexington Correctional Center with the dangerous inmate. Doc. 1, at 6 (stating that "[the abusive inmate's] presence at that Low Medium Security facility poses a threat to others security, health and wellbeing"). But, as stated, Plaintiff is no longer housed with the inmate and that inmate's potential danger to others is not relevant here.

make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 16th day of May, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE