UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP LEE KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-514-R |
| | ) |
| JASON SPARKS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court for review of the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends the denial of Plaintiff's Application to Proceed In Forma Pauperis because he has incurred at least three strike under the Prison Litigation Reform Act and does not qualify for an exception. Plaintiff filed a timely Objection [Doc. No.7] and the Court must therefore conduct a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), "a prisoner is barred from bringing new civil cases or appeals in civil cases without the prepayment of filing fees if three prior civil cases or appeals in civil cases have been dismissed as frivolous, malicious, or for failure to state a claim." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011). As noted by Judge Mitchell in her Report, Plaintiff has at least three prior civil cases or appeals that have been dismissed as frivolous or for failure to state a claim.

Although Plaintiff disagrees with the disposition of these cases, he has not presented any persuasive argument showing that these dismissals should not count as a strike. In *Kelley v. Stitt,* No. 23-6200, 2024 WL 1956160, at *2 (10th Cir. May 3, 2024), the Tenth Circuit stated that its "dismissal, in addition to the district court's dismissal, [*Kelley v. Stitt*, No. CIV-23-747-R, 2023 WL 7346521 (W.D. Okla. Nov. 7, 2023)], operates as a strike under § 1915(g)[.]" The third case, *Kelley v. Braggs*, No. CIV-20-717-R, Doc. 7 (W.D. Okla. Sept. 4, 2020), was dismissed for failure to state a claim and "[i]t is irrelevant under § 1915(g) whether the district court affirmatively stated in the order of dismissal that it was assessing a strike." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).

Because Plaintiff has accumulated three strikes under the PLRA, he may not proceed without prepayment of the filing fees unless he can show that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy this exception,

> a complainant must offer specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. In other words, the injury must be imminent or occurring at the time the complaint is filed.

*Davis v. Rice*, 299 F. App'x 834, 835 (10th Cir. 2008) (internal quotation marks and citations omitted).

In her Report, Judge Mitchell concluded that Plaintiff did not qualify for the imminent-danger exception because Plaintiff is no longer housed at the facility where the assault that forms the basis of his Complaint occurred. In his Objection, Plaintiff does not dispute that he has been re-located to a different facility. Instead, he contends that there "will be retribution" from the filing of the lawsuit and implies that the defendants could

threaten him with harm at his new facility. Plaintiff's allegation that he was assaulted in the past does "not indicate any type of pattern of serious and ongoing physical harm or otherwise evidence the likelihood of *imminent* danger[,]" *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 760 (10th Cir. 2018), particularly given that Plaintiff is no longer located at the same facility. Further, his contention that there may be "retribution" for complaining about the assault is too vague and conclusory to meet the imminent danger exception. *See Davis*, 299 Fed. Appx. at 836 (concluding plaintiff had not shown an imminent danger where he "failed to allege any evidence of actual attacks or threats by other inmates or provide any documentary evidence of such imminent danger").

Accordingly, the Report and Recommendation [Doc. No. 6] is ADOPTED and Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] is DENIED. If Plaintiff's filing fee is not received by the Clerk of the Court on or before July 3, 2025, this action will be dismissed without prejudice without further notice.

**IT IS SO ORDERED** this 12th day of June, 2025

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE